**ASHLEY HARADA**
**HARADA LAW FIRM, PLLC**
2722 Third Avenue North, Suite 400
P.O. Box 445
Billings, MT 59103
Telephone: (406) 294-2424
Facsimile: (406) 294-5586
ashley@haradalawfirm.com

ATTORNEY FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JAMES MASON,<br><br>Defendant. | CR-16-23-BU-DLC-02<br><br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS OR ENJOIN PROSECUTION AND REQUEST FOR EVIDENTIARY HEARING** |

### INTRODUCTION AND SUMMARY

On August 16, 2016, the Ninth Circuit issued a decision in ten consolidated interlocutory appeals and petitions for writs of mandamus vacating the district courts' orders denying relief to the appellants. *United States v. McIntosh*, 833 F.3d 1163, 1168 (9th Cir. 2016)(rehearing and rehearing en banc denied). Appellants in those cases had been indicted for

1

violating the Controlled Substances Act and they sought dismissal of their

indictments or to enjoin their prosecutions based on a 2015 congressional

appropriations rider.

The appropriations rider prohibited the Department of Justice from

spending funds to prevent States' implementation of medical marijuana laws.

*McIntosh*, 833 F.3d at 1168.  Appellants argued that by prosecuting them

under the CSA when they were in compliance with state medical marijuana

laws, the Department of Justice was spending funds that had not been

appropriated by Congress in violation of the Appropriations Clause of the

Constitution.  See U.S. Const. art. I, § 9, cl. 7 ("No Money shall be drawn

from the Treasury, but in Consequence of Appropriations made by Law ....").

*McIntosh*, 833 F.3d at 1174.  The Ninth Circuit agreed with Appellants and

remanded the cases for evidentiary hearings to determine whether the

Appellants' conduct was completely authorized by state law.  *McIntosh*, 833

F.3d at 1179.

As explained by the Court:

> If DOJ wishes to continue these prosecutions, Appellants are
> entitled to evidentiary hearings to determine whether their
> conduct was completely authorized by state law, by which we
> mean that they strictly complied with all relevant conditions
> imposed by state law on the use, distribution, possession, and
> cultivation of medical marijuana.

*McIntosh*, 833 F.3d at 1179.

In the present case, Mason has been indicted under 21 U.S.C. § 841 of the Controlled Substance Act for conduct he asserts was in compliance with Montana's medical marijuana laws.  As in *McIntosh*, and based upon the Congressional appropriations rider that was in place at the time of his alleged offense, Mason asserts the expenditure of funds on his prosecution is in violation of the Appropriations Clause of the United States Constitution and he seeks to enjoin or dismiss this case.

## STATEMENT OF THE CASE

Mason is named in a four-count Indictment with co-defendant Charlton Campbell.  Doc. 2.  Count I alleges Mason knowingly and unlawfully conspired and agreed with other persons to manufacture and distribute, in violation of 21 U.S.C. § 841(a)(1), more than 1,000 marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. § 846. Count II alleges Mason knowingly and unlawfully conspired and agreed with other persons to manufacture and distribute, in violation of 21 U.S.C. § 841(a)(1), marijuana in the form of butane hash oil, a Schedule I controlled substance, in violation of 21 U.S.C. § 846.  Count III alleges Mason knowingly possessed, with intent to distribute more than 1,000 marijuana plants, a Schedule I controlled substance, in violation of 21 U.S.C. §

841(a)(l).  Count IV alleges Mason knowingly possessed, with intent to distribute butane hash oil, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(l).

On May 18, 2016, law enforcement conducted a search of a suspected medical marijuana grow operation located at Zoot Way in Bozeman, Montana.  Mason is a medical marijuana provider and owner of Mason Enterprises.  The property searched at Zoot Way consists of a commercial condominium with several warehouses, offices, and suites.  Mason specifically leased the property located at 152 Zoot Way, 154 Zoot Way, and 160A1 Zoot Way.  (See attached Exhibits A & B.)  Other leased spaces at Zoot Way consist of 152, 154, 156, 158, 162 and 164 Zoot Way; and 160 Unit A1 & A2, Unit B, Unit C, and Unit D.  Again, Mason only had access to and control over 152 Zoot Way, 154 Zoot Way, and 160A1 Zoot Way

During the search of the assorted buildings, offices and suites located at Zoot Way, officers located a marijuana grow consisting of 1,000 marijuana plants; hash oil; and hundreds of pounds of processed marijuana. Most of the items seized were not located on Mason's property.  All property seized on Mason's property was in compliance with Montana's Marijuana Act.  Also seized during the search, were documents related to Mason's compliance with Montana's Marijuana Act and business records.

## STATEMENT OF THE LAW AND
## APPLICATION TO MASON

### I.     The Montana Marijuana Act

In November 2004, the voters of Montana passed the Montana

Marijuana Act (MMA), authorizing the use of marijuana for medical

purposes in certain limited circumstances.  In 2011, the Montana Legislature

passed Senate Bill 423 (SB 423) repealing the prior MMA and enacting a

new medical marijuana statute.  *See* Mont. Code Ann. §§ 50-46-301 to -344

(2011).[1]

Senate Bill 423 has been the subject of numerous legal challenges

from the time it was enacted.  See *Montana Cannabis Industry Association v.*

*State*, 2016 MT 44, 382 Mont. 256, 259, 368 P.3d 1131, 1136 (detailing

history of challenges to SB 423).  Of relevance to the present case, is a

challenge brought by the Montana Cannabis Industry (MCI) in First Judicial

District Court, Lewis and Clark County Cause Number DDV-2011-518.  In

that case, the MCI asked the state district court to enjoin several of SB 423's

provisions, including its ban on the commercial sale of medical marijuana.

The district court issued an order doing so, and the State appealed this

---

[1] The Montana Marijuana Act has now been renamed as the Montana Medical Marijuana Act and was amended through the passage of Initiative I-182, approved by voters in the November 2016 election.  The language of I-182, which includes language repealing the limit on the number of patients per licensed provider, has since been held effective as of December 7, 2016.  See  https://dphhs.mt.gov/marijuana.

decision to the Montana Supreme Court.  See *Montana Cannabis Industry Association v. State*, 2012 MT 201, 366 Mont. 224, 286 P.3d 1161 (hereinafter *MCIA I*).

On appeal, the Montana Supreme Court concluded the district court had applied an incorrect standard of review to the statutes at issue.  The Supreme Court reversed and remanded the case back to the district court with an instruction to apply a rational basis review to the statutes.  *MCIA I*, ¶ 35.

On remand, the district court again issued a preliminary injunction against enforcement of certain provisions of SB 423, including its prohibition against the commercial sale of marijuana.  After a hearing where MCI presented testimony from numerous people who would be harmed by enforcement of the law, the district court issued a permanent injunction on January 2, 2015.  *See* January 2, 2015 Order on Motions for Summary Judgment (attached as Exhibit C.)[2]

The January 2, 2015 Order permanently enjoined what the district court collectively referred to as the "commercial provisions of the Montana Marijuana Act," which included: § 50-46-308(3), limiting providers to assist

---

[2] This Order is available on the Montana Department of Public Health and Human Services, Montana Marijuana Program web site at:
https://dphhs.mt.gov/Portals/85/qad/documents/LicensureBureau/MarijuanaProgram/Decision%20DDV- 2011-518%201-2-15.pdf.

no more than three registered cardholders; and § 50-46-308(4) and 6(a),

prohibiting a provider from accepting anything of value, including

remuneration, for any services or products provided to a cardholder, except

reimbursement of the provider's application or renewal fee. (Exhibit C at

15.)

   The State again appealed the district court's order.  *MCIA II*, ¶ 10.

The MCI cross-appealed the district court's decision to uphold certain other

provisions of SB 423.  Of note, the district court's Order of January 2, 2015,

which granted a permanent injunction against those portions of the MMA

that prohibited the commercial sale of marijuana and limited the number of

cardholders a provider could assist, remained in place while the case was on

appeal.

   On appeal, the Montana Supreme Court upheld portions of the district

court's injunction, but denied others.  *MCIA II*, ¶ 83.  Importantly, following

the appeal, the Montana Supreme Court also issued a subsequent Order on

Petition for Rehearing and Motion for Stay which *postponed* the effective

date of the Court's decision in *MCIA II* until August 31, 2016.  *See* April 25,

2016 Order on Petition for Rehearing and Motion to Stay.  (Attached as

Exhibit D).

   As explained by the Montana Supreme Court:

due to the long delay in implementation of the Act, many Montanans may experience hardship, **or be exposed to the potential for criminal liability**, if the Court's decision takes effect immediately. . . . IT IS THEREFORE ORDERED that the effective date of the Court's decision and judgment in *MCIA II* is POSTPONED to August 31, 2016.

 (Exhibit D. at 4) (emphasis added).

Due to the permanent injunction and the subsequent postponement of the Supreme Court's decision, from January 2, 2015, until August 31, 2016, the MMA had no restriction on the commercial sale of marijuana and it had no restriction on the number of cardholders a provider could assist.  In other words, at the time of the search of Mason's business and grow operation on May 18, 2016, and during the dates charged in the Indictment (March of 2016 through May 18, 2016) and assuming compliance with other provisions of the MMA), it was legal, under Montana law, for Mason, a licensed provider, to supply medical marijuana to an unlimited number of cardholders.[3]

---

[3] See Montana Marijuana Program web page at: https://dphhs.mt.gov/marijuana, "the State of Montana is preliminarily enjoined from enforcing section 50-46-308(3), (6)(a) and (6)(b), MCA, until August 31, 2016."

## ARGUMENT

**I.     Under *McIntosh*, the Prosecution in this Case Must be Enjoined or Dismissed as Mason was in Compliance with Montana Medical Marijuana Laws.**

In December 2014, Congress enacted the following rider in an omnibus appropriations bill funding the government through September 30, 2015:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

*Consolidated and Further Continuing Appropriations Act, 2015*, Pub. L. No. 113–235, § 538, 128 Stat. 2130, 2217 (2014). Various short-term measures extended the appropriations and the rider through December 22, 2015. On December 18, 2015, Congress enacted a new appropriations act, which appropriates funds through the fiscal year ending September 30, 2016, and contained essentially the same rider. *Consolidated Appropriations Act, 2016*, Pub. L. No. 114–113, § 542, 129 Stat. 2242, 2332–33 (2015) (adding Guam and Puerto Rico and changing "prevent such States from

implementing their own State laws" to "prevent any of them from implementing their own laws").

Currently the *Further Continuing and Security Assistance Appropriations Act, 2017*, passed just prior to a government shutdown on December 9, 2016, continued appropriations for most agencies, including the Department of Justice, through the earlier of April 28, 2017, or the enactment of the applicable appropriations legislation. See HR 2028, Sec. 154.[4]

In *McIntosh*, the Ninth Circuit discussed the critical role played by the Appropriations Clause in the Constitution's separation of powers among the three branches of government and the checks and balances between them. *McIntosh*, 833 F.3d at 1175. For purposes of the present case, Mason asserts that spending money to prosecute this case violates § 542. It is, as the Ninth Circuit stated, "drawing funds from the Treasury without authorization by statute and thus violates the Appropriations Clause." *Id*.

In *McIntosh*, the Ninth Circuit remanded the cases for purposes of conducting an evidentiary hearing to determine whether appellants were in compliance with their state's medical marijuana laws. *McIntosh*, 833 F.3d at 1179. Here, Mason asserts that he was in compliance with the Montana

_____

[4] Available at: https://www.congress.gov/bill/114th-congress/house-bill/2028 last accessed 12/29/16.

Marijuana Act, as that version existed between September 2015 and May 2016.

## CONCLUSION

In accordance with *McIntosh*, Mason requests an evidentiary hearing where he will present evidence of his full compliance with the MMA. Following the evidentiary hearing, Mason requests that this matter be dismissed.

DATED this 13th day of January, 2017.

/s/ Ashley Harada

_____

Ashley Harada
Attorney for Defendant

## CERTIFICATE OF SERVICE - L.R. 5.2(b)

I hereby certify that on January 13, 2017, a copy of the foregoing document was served on the following persons by the following means:

_1-4 ____    CM-ECF
_____    Hand Delivery
_____    Fax
_____    Mail
_____    E-Mail

1.    Clerk, U.S. District Court

2.    Brendan McCarthy
      OFFICE OF THE U.S. ATTORNEY
      2601 Second Avenue North
      Box 3200
      Billings, MT 59101
      Counsel for the United States

3.    Herman A. Watson, III
      WATSON LAW OFFICE
      424 East Main Street, Suite 203A
      Bozeman, MT 59715
      Counsel for Charlton Victor Campbell


            /s/ Ashley Harada
            _____
            Ashley Harada