**ASHLEY HARADA**
**HARADA LAW FIRM, PLLC**
2722 Third Avenue North, Suite 400
P.O. Box 445
Billings, MT 59103
Telephone: (406) 294-2424
Facsimile: (406) 294-5586
ashley@haradalawfirm.com

ATTORNEY FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  vs.  MICHAEL JAMES MASON,  Defendant. | CR-16-23-BU-DLC-02  **NOTICE OF DISCOVERY REQUEST** |

Comes now, Defendant, Jesse Campbell, through counsel and pursuant to the dictates of *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and Fed. R. Crim. P. 16, and respectfully requests the government disclose and provide the following

1

specific information and material known, or with the exercise of due diligence should be known, to the government:

> the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses; including a full record of all consideration given to the informant or SOI as a result of his cooperation in this case as well as any other case in which the informant or SOI has provided services.

Defendant requests that this information contain:

A. The name and address of each cooperating witness;

B. The case number and name of the prosecutions in which the cooperating witness utilized in this case has previously been utilized as a cooperating witness;

C. The case names and numbers of any trials or evidentiary hearings at which the cooperating witness has testified concerning his own prior criminal activity, payments or rewards provided him by the government, efforts made to induce others to participate in criminal activity, or other purported law enforcement-related matters;

D. Any ledger, sheet, or other document which details the sums paid or benefits provided to the cooperating witness or his family in this and other cases in which the informant assisted the government and the purpose of each such payment;

E. Any information, whether or not memorialized in a memorandum, agent's report or other writing, regarding promises of immunity, leniency, preferential treatment or other inducements made to the cooperating witness or any family member, friend or associate of the informant in exchange for the informant's cooperation, including the dismissal or reduction of charges, assisting in matters of sentencing or deportation, promises or expectancies regarding payments for expenses or testimony or eligibility for any award or reward; in addition to information regarding payments, promises of immunity, leniency, preferential treatment or other inducements made to the government witnesses, any records or information regarding payments, promises of immunity, leniency, preferential treatment offered or afforded to any family member, friend or associate of any prospective witness in exchange for said witness cooperation.

F. Any information or records concerning any actual or implied threats of investigation or prosecution (including deportation, exclusion, etc., by INS) made by the government to any prospective government witness or family member or associate of the witness, including information as to the underlying conduct precipitating such investigations.

G.     Any statement made, information or document provided by a prospective government witness that conflicts in part or in whole with: (1) the statement of another prospective witness, (2) a prior statement made by the same government witness with regard to the subject matter of the expected trial testimony of witness, or (3) any other document or witness.

H.     The name and current whereabouts of any witness to the underlying events of this case whom the government does not anticipate calling as a witness at trial and a copy of any statement made by or summary of an interview with such a witness.

I.     Any report, document or information which details the criminal activities of the cooperating witness which were undertaken by him without the authority or approval of the government, but for which the government has elected, formally or informally, not to prosecute;

J.     FBI rap sheet, NCIC printout any other records available to the government reflecting the arrest, conviction and investigative history of the cooperating witness;

K.     Information concerning prior misconduct by the cooperating witness in the performance of his role as an informant including: any prior refusal of the informant to testify for or assist the government;

any prior allegation that the informant entrapped another person to commit an offense or made false statements in connection with a criminal investigation; and any prior "blackballing" of the informant by any law enforcement agency;

L.   Information concerning misconduct by the cooperating witness other than in his role as an cooperating witness, including misconduct that reflects a lack of candor, truthfulness or law-abiding character of the informant, such as uncharged criminal conduct or fraud;

M.   All information, records and transcripts which in any way indicate or reveal that any prospective government witness, in connection with this or any other case, has provided untruthful, false, misleading, incomplete, or inaccurate information or testimony to:

    1.   Any state or federal law enforcement officer or agency,

    2.   Any state or federal grant jury,

    3.   Any state or federal trial court while testifying at trial and/or any related or preliminary proceeding;

N.   Information reflecting the nature and extend of assets obtained by the informant in connection with his illegal activities over the past ten years;

O.   Any "records" maintained by law enforcement agencies relating to the cooperating witness utilized in this case, including records that the witness was:

    1.   Given a code name,

    2.   Given assumed/false identify,

    3.   Reasons for cooperation,

    4.   Given a polygraph examination,

    5.   Briefed on entrapment,

    6.   Contracts executed with any law enforcement agency,

    7.   Any release forms executed by the witness,

    8.   Records revealing the witness was advised to pay Federal Income Taxes,

    9.   Records that he could not violate the law,

    10.  Records that require him to protect his false identity,

    11.  Records that the witness cannot use any illegal drugs,

    12.  Records that the witness consented to recording any conversation with any party;

P.   If given a polygraph exam, the results of any polygraph examination performed on any potential government witness as well

as any information concerning the failure of any potential government witness to submit to a polygraph examination;

Q. Any government agency files or other information revealing matters relevant to the cooperating witness' credibility, mental or physical health, narcotic or alcohol use, or any other dependency;

R. All information and records revealing any potential impairment of the capacity of any prospective government witness to observe, recollect and testify about the events giving rise to the charges filed in this case including impairments or sight, hearing, memory, language, or any other physical or psychological disability;

S. All information and records indicating that any prospective government witness (1) may have suffered from any mental or emotional disease, disorder, illness, or defect at any time during the time span alleged in the indictment filed in this case, or (2) sought or received treatment for any such mental or emotional disease, disorder, illness or defect at any time within the past five years;

T. All information and records indicating that the prospective government witness (1) may have used methamphetamine, cocaine, marijuana or another controlled substance or used alcohol to excess at any time during the time span alleged in the indictment filed in this

case, or (2) sought to received treatment for any substance abuse problem (including alcohol) at any time within the past five (5) years;

U.     Applicable records of the United States and any State Probation department if the witness has been placed on probation or a Pre-Sentence Investigation "PSI" has been conducted.

      DATED this 12th day of February, 2017.

                                 /s/ Ashley Harada

                                 _____
                                 Ashley Harada
                                 Attorney for Defendant

## CERTIFICATE OF SERVICE - L.R. 5.2(b)

I hereby certify that on February 12, 2017, a copy of the foregoing document was served on the following persons by the following means:

```
_1-4____    CM-ECF
_____    Hand Delivery
_____    Fax
_____    Mail
_____    E-Mail
```

1. Clerk, U.S. District Court

2. Brendan McCarthy
   OFFICE OF THE U.S. ATTORNEY
   2601 Second Avenue North
   Box 3200
   Billings, MT 59101
   Counsel for the United States

3. Herman A. Watson, III
   WATSON LAW OFFICE
   424 East Main Street, Suite 203A
   Bozeman, MT 59715
   Counsel for Charlton Victor Campbell


/s/ Ashley Harada
_____
Ashley Harada